BLANKS VS. RECTOR ET AL.

An execution issued against an administrator on a judgment against the intestate, is irregular and void, whether the judgment be against the intestate alone, or jointly with other defendants.

Executions may be amended, in matters of form; and for clerical errors or omissions before sale; but not in matters of substance.

*Appeal from Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

RICE, for the appellant.

When there are more defendants than one in a judgment, and one dies, that severs the judgment and no revivor is necessary against the survivors, *Finn as ad. vs. Crabtree as adm'r.*, 12 *Ark.*, 597; and the judgment being severed, execution may be issued against the survivors. When one dies the judgment against the others is as distinct and several as if rendered against them alone originally. 2 *Tidd's Pr.*, 1009; 19 *Wend.*, 644; 12 *Ark.*, 394.

The execution in this case is really only against the survivors. The name of Trigg's ad., is but surplusage, but may be taken as suggestion of his death: or the amendment ought to have been allowed. *Thompson vs. Brumage*, 14 *Ark.*, 59.

WATKINS & ROSE, for the appellees.

The execution was properly quashed since it could not run against a deceased person's administrator. *Bentley vs. Cummins*, 4 *Eng.*, 48; 18 *Ark.*, 414; *id.*, 421; 22 *Ark.*, 573.

After the death of one defendant there should have been a *scire facias* to revive. *Erwin vs. Dundas*, 4 *How.*, U. S., 73.

Mr. Justice CLENDENIN, delivered the opinion of the court.

We learn from the record in this case, that on the 8th of Novem-

ber, 1860, the appellant recovered, in the circuit court, a judgment against John T. Trigg and Henry M. Rector: that execution was issued on said judgment and levied on personal property; and that Trigg and Rector, on the 12th of April, 1861, executed and delivered to the sheriff a delivery bond for the delivery of the property on the 6th of May, 1861, with the appellees, Peay and Brown, as their securities; that the property was not delivered, the execution was returned unsatisfied and the delivery bond forfeited. That on the 24th of August, 1866, an execution was issued on the forfeited delivery bond, against Edmund Burgevin, administrator of Trigg, (the execution having recited the death of Trigg and the appointment of Burgevin as administrator) Rector, Peay and Brown, which was levied on the property of appellees, Peay and Brown. At the return day of the execution, the defendants in the execution and appellees in this court presented their petition in the circuit court, setting out in full the foregoing statement, and also filed their motion to quash the said execution for the following reasons:

"1st. That said execution is improperly issued against said Burgevin as administrator of said Trigg.

"2d. That the said execution was issued before there was any revivor of the said judgment."

After the filing of the petition and motion, the appellant filed his motion to amend the execution, "by striking out the name of Edmund Burgevin administrator, and by suggesting on the face of said writ the death of Trigg, said Trigg having died since said judgment was rendered." Both motions, to quash and to amend, were heard at the same time. The court overruled the motion to amend, and sustained the motion to quash the execution; and the appellant excepted and appealed to this court. At the hearing of these motions, it was admitted that Trigg had died after judgment, and before the execution was issued.

The first question in the consideration of this case, is as to the validity of the execution.

This execution was issued after the death of Trigg, against

83

Burgevin as administrator of Trigg, Rector, Brown and Peay. The execution was clearly irregular. The law, we think, is well settled, that an execution issued and bearing teste after the death of the testator is irregular and void. 5 *Eng.*, 541; 18 *Ark.*, 414, 421; 22 *Ark.*, 573; 1 *Cowen*, 740; 4 *Howard, U. S. R.*, 76; and we think the law is equally applicable, where there is more than one defendant in the judgment.

In the case of *Woodcock vs. Bennett*, 1 *Cowen.*, 740, in which a question similar to the one now before us, was argued, the court say: "It is no answer to say that one of the defendants was living, who might avoid the execution, and has in fact, procured it to be set aside. The objection is, that the law forbade the issuing it, so as to affect the representatives of the deceased defendant."

It is a settled rule that the execution as issued must be warranted by the judgment. 2 *Tidd*, 1029.

If the death of Trigg had been suggested of record, we think the execution could properly have issued against the surviving defendants in the judgment. 4 *Howard, U. S. R.*, 76.

Another of the grounds assigned for error is that the court below overruled the appellant's motion to amend the execution.

It has been decided by this court in the case of *Thompson vs. Bremage*, 14 *Ark.*, 59, that executions may be amended in matters of form, and we have no doubt the same rule should apply as to clerical errors or omissions, before sale under the execution; but we can find no authority that sustains the position, that an execution can be amended in matters of substance. To have allowed the amendment asked for, the court would necessarily have had to enquire of facts outside of its own record; for it is not contended that the records of the circuit court showed that Burgevin as administrator of Trigg, was a party to the judgment, or that the death of Trigg had been suggested of record; consequently there was no record of the circuit court to amend by; and therefore, the execution being illegally and improperly issued, the circuit court did not err it its judgment in quashing it.

The judgment of the circuit court is affirmed.