## Downs *v.* Dennis.

### Opinion delivered May 20, 1907.

EXECUTION—EFFECT OF SALE FOR EXCESSIVE AMOUNT.—Where the principal of a judgment for $27.80 was reduced by a payment of $25.00, leaving only $2.80 due, a sale of property under execution for $27.80 instead of for $2.80, is void as to one who had notice of such payment.

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Downs & Whitley,* for appellant.

1. The statute has reference to the amount of the judgment rendered. If rendered for more than ten dollars, exclusive of costs, a transcript of the judgment may be taken and filed in the office of the circuit clerk, and that the principal amount was reduced by payment below ten dollars does not affect the case.

Kirby's Dig. § 4631. Failure to comply with the statute requiring issuance of an execution on the justice court judgment, and having a *nulla bona* return thereon before taking the transcript, is a mere irregularity, and only the execution debtor can take advantage thereof in a direct proceeding. 47 Ark. 147.

2. *Lex non curat de minimis* should apply here, since the testimony shows that ten dollars of the twenty-five credited on the judgment was paid by appellant, and it appears that the costs and interest on the judgment amount to thirty dollars. When the discrepancy between the judgment and the execution amounts to a mere trifle, the sale will not be disturbed. 27 Ark. 24.

*Wright Prickett,* for appellee.

1. At the time the transcript was taken and filed in the circuit clerk's office, the judgment was for a less amount than ten dollars, exclusive of costs; hence the filing of the transcript of the judgment in the clerk's office was not in accordance with the statute, and it became no lien on real estate.

2. A sale under an execution for an amount largely in excess of the true indebtedness is void. 27 Ark. 20; 17 Cyc. 1571; 11 Am. & Eng. Enc. of L. 645.

HILL, C. J. The facts as found by the chancellor (and his finding it sustained by the evidence), so far as necessary to determine this appeal, may be stated as follows:

Pumphrey obtained a judgment in justice's court in October, 1900, against Galentine for $27.80 and costs. Galentine filed a stay bond, with S. A. Downs, the appellant, and J. K. Loyd as sureties. In May, 1901, Galentine paid into court on said judgment $25, leaving a balance due of $2.80 and costs. In November, 1901, the judgment was assigned to Downs. The judgment at the time of the assignment was $6.00, including costs of $4.10. On the 24th of February, 1903, after a *nulla bona* return, transcript was filed in the office of the circuit clerk under section 4631 of Kirby's Digest. Execution issued upon this judgment on the 9th of March, 1903, for $27.80 and $7.10 costs. A lot in Mena was levied upon and sold under said execution, and was bought by the said Downs for $45, the execution at that time showing judgment and costs amounting to $42.40.

A certificate of purchase was issued to Downs, and subsequently a sheriff's deed was made to him.

The question to be determined on this appeal is whether the title acquired by Downs through said execution sale is good. An interesting question has been discussed as to whether a judgment rendered for more than $10, but which has been reduced to less than $10 by payments, can be filed as a circuit court judgment under section 4631 of Kirby's Digest; but before that question is reached there is another which is decisive of the case.

There was a credit of $25 upon the judgment, which reduced the face of it to $2.80. This payment was made before the judgment was filed with the circuit clerk, and no credit was shown in the transcript filed in the office of the circuit clerk, and no credit appears upon the execution issued thereupon. At the time of the sale the amount of the judgment and costs purported to be $42.40, and that was the sum for which the property was sold, when as a matter of fact the principal of the judgment was only $2.80 instead of $27.80. This principle, laid down by Chief Justice Lewis in the case of *Hastings* v. *Johnson,* 1 Nevada, 615, has been expressly approved by this court: "That an execution issued and sale of property made, when there is no judgment authorizing it, would be utterly void, there can be no doubt, and for the same reason we think that an execution and sale for a sum exceeding that actually due upon the judgment would be equally void, because there is no judgment to authorize the collection of the excess for which execution is issued. When the discrepancy between the judgment and the execution is a mere trifle, levy and sale will not be disturbed, because it is said *lex non curat de minimis*; but when the discrepancy is material, it can not be overlooked or disregarded by the courts." *Hightower* v. *Handlin,* 27 Ark. 24.

The maxim of *lex non curat de minimis* can not be applied to this case. The sale of this real estate for an amount materially in excess of the amount due rendered the purchase at that sale by Mr. Downs, who caused the same to be done, void. No question is involved in this case as to the right of third parties builded upon records apparently regular, as Mr. Downs knew the payment had been made, received the benefit of the

same as surety upon the stay bond, and yet procured a sale for an amount materially in excess of the amount due on the judgment. He can not sustain a title acquired through such sale.

Judgment is affirmed.