MERCHIE
*vs*
GAINES.

---

EJECTMENT.

## Merchie *vs* Gaines,

ERROR TO THE BOONE CIRCUIT.

*Case* 34.

*Oct.* 4.

The case stated.

*Sales of Land. Judgments. Executions.*

JUDGE BRECK delivered the opinion of the Court,

MERCHIE brought his ejectment against Summers, as tenant in possession, in whose room and stead, Gaines was permitted to enter himself defendant.

The verdict and judgment being for Gaines, Merchie has brought the case to this Court.

Upon the trial, the plaintiff adduced testimony, conducing to show title in himself, derived from John Harris, to whom a grant issued, embracing the land in controversy, in July, 1786. And that Summers was in possession at the institution of the plaintiff's suit.

The defendant relied upon title, derived from William Bullock, to whom a grant issued, embracing the land in contest, in 1796, and upon seven years possession by his tenant, Summers, under his title, prior to the commencement of plaintiff's action. In deducing title from Bullock, the defendant relied upon a purchase at Sheriff's sale, under an execution in favor of Fowler and Winslow, and against the devisees of Bullock.

The validity of that purchase presents the main question in the case, for our determination.

The defendant introduced and read to the jury, the record of a suit in Chancery, instituted by the devisees of the patentee, Bullock, in the Boone Circuit Court, against John Fowler and Beverly Winslow. The object of this suit appears to have been, to perpetuate testimony in reference to the land, in the grant to their testator. Fowler answered the bill. Winslow does not appear to have been brought before the Court, by either actual or constructive service of process.

At the May term, 1818. of the Boone Circuit Court, the case was heard as to Fowler, and the complainant's bill dismissed as to him, and a decree for his costs. And as to Winslow, the cause was continued.

At the November term, 1818, the suit was dismissed for want of prosecution, and a decree for the defendant for his costs. The style of the suit in the record, at the November term, was "Bullock's heirs complainants vs Beverly Winslow defendant." In February, 1819, an execution issued from the Boone Circuit Court against the complainants in the suit referred to, as devisees of William Bullock, for $33 43, which, in the language of the execution, "late in our Boone Circuit Court, John Fowler and Beverly Winslow recovered against them for their costs expended in defending a certain suit in Chancery, prosecuted by said devisees against said Fowler and Winslow, whereof," &c. This execution was directed to the Sheriff of Shelby county, and was returned *no property.* In August, 1825, a second similar execution, with the addition of 45½ cents to the amount, issued to the county of Boone, and was levied by the Sheriff upon the tract of land embraced in the grant to William Bullock, and

MERCHIE
*vs*
GAINES.

No valid sale of land can be made but under a *judgment or decree* to sustain the execution, where separate decrees are rendered at different times, in behalf of different def'ts, a joint execution under such decrees is invalid.

5995 acres thereof sold, and the defendant, Gaines became the purchaser for the amount of the execution. The land thus sold was subsequently conveyed by the Sheriff to Gaines, and the question is whether any thing passed by the deed.

The doctrine has been long since well settled, that to sustain a sale of land under execution, there must be a valid judgment or decree. The purchaser to make out title, must not only produce the execution, but the judgment. The execution in this case purports to have been issued upon a decree in favor of Fowler & Winslow. No such decree is produced, but separate and distinct decrees for the costs of each. These decrees, it is true, were rendered in the same case, but they were rendered at different terms of the Court, and are virtually as wholly unconnected with each other as if rendered in different suits. The Clerk had no authority to blend or unite them, and issue a joint execution for the aggregate amount of costs in both decrees. It is not shown that the costs of Fowler alone amounted to the sum for which the execution issued; nor is it shown what amount of costs was taxed for Winslow. But as the record shows no other step taken by Fowler in the case, except the filing of his answer, we cannot presume that his costs were alone included in the execution. It is not shown, nor are we authorized to presume that the name of Winslow was inserted in the execution by mistake, for there was a decree for Winslow as well as Fowler; and it might, with the same propriety, be urged that the name of Fowler was inserted through mistake.

This execution, therefore, can only be regarded as an execution in favor of both Fowler and Winslow. It cannot be considered as an execution which has been irregularly issued upon the decree of the one or of the other, and we know of no law or rule of practice which authorizes a joint execution upon two separate judgments or decrees. We come, therefore, to the conclusion that the defendant has failed to produce any decree upon which the execution issued, or which can sustain the execution under which the sale was made; and that the sale was

consequently void, and the defendant obtained no title by his purchase and deed.

From this view of the case, it follows that the Court below erroneously ruled the law upon the trial, and to the prejudice of the plaintiff.

Wherefore, the judgment is reversed and the cause remanded for further proceedings not inconsistent with the principles of this opinion.

*Gates & Lindsey* for plaintiff: *Morehead & Reed* for defendant.