## 𝖂𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

STUART & PALMER v. HEISKELL'S TRUSTEE.

June 13th, 1889.

1. RES JUDICATA—*Payments.*—This court affirmed decree of court below adjudging, in suit to correct a mutual mistake, that payments of certain incumbrances on land by the grantee thereof, should be treated as payments on the price: *held*, on second account taken by direction of this court, it is *res judicata* that the payments of the incumbrances should be treated as payments, and not as set-offs.

2. SEVERAL EXECUTIONS.—It is proper to direct executions to issue severally to a complainant in original bill, and to a complainant in cross bill, for the sums adjudged to them respectively.

Appeal from decree of circuit court of Washington county, rendered October 9, 1888, in the cause of Daniel Trigg, trustee of William K. Heiskell, complainant, against W. S. Stuart and G. W. Palmer, defendants. The case is sequel to *Massie's Adm'r* v. *Heiskell's trustee*, 80 Va., 789. The decree being unfavorable to complainant, he appealed. Opinion states the case.

*Routh & Stuart,* for the appellants.

*White & Buchanan,* for the appellees.

LEWIS, P., delivered the opinion of the court.

The first assignment of error in the petition for appeal, is that the circuit court erred in treating as payments, instead of

set-offs, the sums paid by the appellants in discharging incumbrances on the Claiborne interests in the King salt-works.

The facts in relation to the matter are these: In October, 1862, Thos. L. Preston conveyed with general warranty to the appellants, his interest in the said salt-works, and at the same time left in their hands $3,000, for the purpose of removing incumbrances on the property conveyed. It afterwards turned out, however, that the Claiborne interests conveyed by Preston, were greater than they were supposed to be when the deed was executed; that is, they were 11–540 instead of 6–540 as was supposed, and this being a mutual mistake' of the parties, it was held by the court below, whose decree in this particular was affirmed by this court on the last appeal in this cause, (80 Va., 789,) that it was proper to correct it, and that Preston was entitled to compensation accordingly.

After the case went back to the circuit court, it was referred to a commissioner, as directed by the said decree, to take an account between Preston and the appellants, charging the latter with what was due by them on account of the Claiborne interests, and " crediting them with any incumbrances paid off and discharged by them " on the said interests.

The amount ascertained to be due by the appellants on account of those interests, was $3,240 74, and with this sum, together with the $3,000 left in their hands by Preston, they were charged as of October 1, 1862, and credited by all sums paid by them in discharging incumbrances as aforesaid. These sums were treated by the commissioner, whose report was confirmed, as payments and not as set-offs, and of this mode of stating the account the appellants complain.

As to the $3,000 left in their hands by Preston, for the express purpose of discharging incumbrances, there can be no doubt that the action of the commissioner was right. Indeed, this is conceded. But as to the sums paid by the appellants over and above that amount, it is contended that they ought to have

been treated as set-offs and not as payments, because as to them there was no agreement.

The argument is that to constitute a payment, money or some other thing must be delivered by the debtor to the creditor, for the purpose of extinguishing a debt, and the creditor, or some person authorized in his behalf, must receive it for the same purpose; that here the sums paid in discharging incumbrances, over and above the $3,000, were not paid in extinguishment of a debt, or in pursuance of any agreement, and hence ought to be treated, not as payments, but as set-offs, against the purchase price of the interests conveyed by Preston, which were subject to those incumbrances.

We do not controvert the proposition that to constitute a cross demand, a technical payment, an agreement to that effect must be proved. But the principle does not affect the present case. This was a suit in equity for the correction of a mutual mistake, and it was competent for the court to make such decree in the matter, as the equities of the case required. The appellants had been in the possession and enjoyment of the entire interests conveyed by Preston, since the date of the deed, and in settling the principles of the cause, as the decree of February 25, 1884, did, it was considered equitable, and the court accordingly decreed, that in taking the accounts between the parties, the payments made by the appellants in discharging liens on the property, should be treated as payments by them on their purchase of the property, and upon this basis the accounts were taken. The decree, it is true, does not so declare in terms, but such is its meaning and effect, and having been affirmed on the above mentioned appeal in all particulars save one, which is not material to the present appeal, the matter is now *res judicata*, although the question does not appear to have been formally raised or considered on the former appeal. *Stuart & Palmer* v. *Preston*, 80 Va., 625; *Findlay* v. *Trigg's Adm'r*, 83 *Id.*, 539.

The next and only other assignment of error by the appel-

lants, which is, that it was error to direct execution to issue severally in favor of Heiskell's trustee and Massie's administrator, for the sums decreed to them respectively, is also not well taken. Both were complainants before the court—one in the original bill, the other in the cross bill—and the provision in the decree giving them the right to have execution severally, is both proper and in accordance with the usual practice in such cases.

As to the two assignments of error by the appellees, under the ninth rule of the court, namely, (1) that it was error to credit the appellants with the sum of $1,567 25, on account of "the James King interest," and (2) with the payments actually made by them, on account of the dower claims of Mrs. Claiborne and Mrs. Morgan, it is sufficient to say, that these credits were properly allowed under the decree above mentioned, which directed the appellants to be credited with all incumbrances paid and discharged by them on the interests conveyed by Preston, and the decree in this particular, also, having been affirmed, the answer of *res judicata* applies as well to the objections of the appellees, as to the first assignment of error by the appellants. The decree must therefore be affirmed.

DECREE AFFIRMED.