## William L. Cohen

### v.

## Peter A. Menard, Executor, et al.

*Administration—Claims—Allowance of—Judgment Sale—Injunction—Redemption—Statute.*

1. When a claim is filed and allowed against an estate, it becomes a judgment.

2. A judgment creditor may, for purpose of redemption and sale, have execution.

· 3. Two distinct claims allowed severally in behalf of the same person can not be included in one execution as one judgment for the amount of both.

4. A sale of three tracts of land *en masse* after an ineffectual attempt to sell them in severalty without first trying to sell two of them together, is improper.

[Opinion filed August 28, 1889.]

Appeal from the Circuit Court of Randolph County; the Hon. William H. Snyder, Judge, presiding.

Edmond Menard died testate in August, 1884, seized in fee of the lands in controversy, and Menard and Harmer were

appointed executors of his estate, and acted as such.    A judg-
ment for the sum of $544 had been recovered against Edmond
Menard in his lifetime by F. W. Brickey, who assigned the
same to appellant, who had execution issued, and levied on
three several tracts of land, one containing ninety acres, an-
other one hundred and twenty acres, and the third ninety-one
and eleven one-hundredths acres.    These lands were sold Feb-
ruary 24, 1887, to appellant by the sheriff of Randolph county,
under the execution issued and levied as stated, for the sum
of $742.67.    These lands were first offered separately, and
there being no bid, were offered and sold *en masse*, without
the sheriff offering two tracts.    Among other claims presented
and allowed against the estate of Edmond Menard, on the day
of adjustment, were two claims presented by this appellant,
and allowed severally as two separate and distinct claims—one
for $685.77, the other for $528.89.    On the 25th of February,
1888, Cohen caused an execution to be issued out of the
County Court of Randolph County, and that execution recited
that W. L. Cohen was a judgment creditor of the estate of
E. Menard by virtue of a judgment obtained in the County
Court of said county, sitting for the transaction of probate
business, for the sum of $1,214.66, entered upon a claim filed
against said estate, and under such execution sought to redeem
from the sale made to himself under the Brickey judgment,
and to sell under such execution on such redemption.    The
executors and a creditor with claim allowed sue out an injunc-
tion to enjoin the sale under such execution, and over that a
decree to sell these lands to pay debts has been entered: that
the original sale was made *en masse*, without offering two of
the tracts together—the tracts being widely separated; that
no bidders were present at the sale on execution except the
plaintiff in execution, who purchased at a grossly inadequate
price; that the uniting of two claims in one execution and
reciting it as a single judgment was without authority of law,
and would create a cloud on the title of the land, and prevent
the executors and creditors from realizing on sale made under
decree to sell land to pay debts; and denying the right of ap-
pellant to redeem from his own sale, and asking for relief.

The Circuit Court entered a decree ordering the payment by the executors to appellant of the sum of $742.67, with interest at eight per cent., and setting aside the execution sale, and enjoining a sale under the redemption on the execution from the County Court.

Messrs. GORDON & SPRIGG, for appellant.

Mr. H. CLAY HORNER, for appellees.

The officer should offer the tracts separately, then in tracts of two or more; then, if no bidders, ordinarily he should adjourn the sale. Phelps v. Conover, 25 Ill. 314; Morris v. Robey, 73 Ill. 465; Douthitt v. Kettle, 104 Ill. 360; Cowen v. Underwood, 16 Ill. 24.

Sales *en masse* tend to odious speculation, and put impediments in the way of redemption, and "are not to be tolerated or countenanced. They are oppressive and unnecessary and deserve animadversion." Newton v. Jackson, 18 Johns. 362, cited in 73 Ill. 465; see also Wood v. Morrell, 1 Johns. Ch. 505; Rohrer on Jud. Sales, Sec. 1106; Herman on Executions, Sec. 223; Morris v. Robey, 73 Ill. 466.

The following cases are very much like the cases at bar, and fully warrant the decree below. Ballance v. Loomis, 22 Ill. 85; Cowen v. Underwood, 16 Ill. 22.

There is no authority in the statute for uniting two probate judgments in one execution or for redeeming from one's own sale. R. S., Chap. 77, Sec. 27; McCullough v. Rose, 4 Ill. App. 149.

*Laches* must be set up in answer to be relied on. Williams v. Rhodes, 81 Ill. 571; O'Halloran v. Fitzgerald, 71 Ill. 53.

Creditors may attack this sale. Merwin v. Smith, 1 H. Green, N. J. Eq. 193.

PHILLIPS, J. Where a claim is filed and allowed against an estate, it becomes a judgment. The judgment creditor may, under Sec. 27, Chap. 77, Starr & C. Ill. Stat., for purpose of redemption and sale, have execution. The execution must follow the judgment, and to include two separate and distinct claims as two several judgments in one execution as one judg-

ment for amount of both claims, renders the execution fatally defective for variance from the judgment.   The sale of three parcels of land, aggregating more than three hundred acres, where one of these parcels was widely separated from the other two, *en masse*, after first offering them as separate tracts and no bid, but without offering two of the tracts, must be held sufficient to authorize this decree to set aside this sale. It was the duty of the sheriff, after offering the tracts separately, if there was no bid, to offer two of the tracts, for which he might obtain a bid, without resorting to the extremity of a sale in gross.   Phelps v. Conover, 25 Ill. 309; Morris et al. v. Robey, 73 Ill. 462; Douthitt v. Kettle, 104 Ill. 356; Cowen v. Underwood, 16 Ill. 22; Ballance v. Loomis et al., 22 Ill. 82.

The evidence shows the land was sold for much less than it was worth, and the manner of the attempted redemption and sale would have created a cloud on complainant's title.   The decree gave the appellant all he was entitled to, and is sustained by the evidence, and is affirmed.

*Decree affirmed.*