[No. 885.   October 2, 1901.]

# UNITED STATES OF AMERICA, Plaintiff in Error, v. THE DENVER & RIO GRANDE RAILROAD COMPANY, Defendant in Error.

## SYLLABUS.

1. Under the act of the Territorial Legislature approved February 7, 1889 (Session Laws of 1889, page 45), it was not necessary to plead special acts of congress, to authorize their introduction in evidence.

2. The decision of this court upon a first writ of error upon all points actually and necessarily determined, becomes the law of the case, and binding upon the parties and this court upon a second writ of error, when the facts are substantially the same in both instances. The rule also includes all questions necessarily determined in reaching the specific decision announced.

3. Lands within three miles of the track of The Denver & Rio Grande Railroad Company, are "adjacent" lands, within the meaning of the acts of congress of June 8, 1872 (17 Stat. 339), and March 1, 1877 (19 Stat. 405).

Error to the district court of the first judicial district, Santa Fe county, before Justice JOHN R. McFIE, A. J.   Affirmed.

ANDRIEUS A. JONES, Special Assistant United States Attorney and W. B. CHILDERS, United States District Attorney for plaintiff in error.

Where one knowingly and wrongfully cuts timber from the public lands of the United States and enhances its value by his own labor, in a suit for conversion of the timber, the measure of damages is the enhanced value, and any one purchasing such timber in its manufactured state from the willful trespasser must also be responsible for its value in the manufactured state.

Woodenware Co. v. United States, 106 U. S. 432.

The case was tried upon an agreed statement of facts, and if the defendant wholly failed to make out any defense the court is warranted to enter up judgment in favor of the United States for the amount it was entitled to in the first instance.

Compiled Laws of New Mexico, 1897, sec. 897.

The quantity of lumber delivered to the Railroad Company was 2,100,000 feet and its value in the manufactured state was $9.00 per thousand. Judgment should be entered up against the defendant company for $18,900.00.

If the defendant relied upon the special acts of Congress as a defense, it was necessary that such acts should have been specially pleaded.

Railroad v. United States, 54 Pac. 336.

Leland v. Wilkerson, 6 Peters 317.

23 Am. and Eng. Ency. of Law, 288.

United States v. Gumm, 58 Pac. 398.

The burden of proof was on the defendant to show that the timber was for the purpose authorized by the special act of Congress, and no evidence for this purpose was offered.

United States v. D. & R. G. Ry. Co., 150 U. S. 1.

This same case at former trial, 54 Pac. 242.

Railroad Co. v. Lewis, 162 U. S. 376-377.

United States v. Gumm, supra, citing.

United States v. Vook, 19 Wall. 591.

Railroad v. Lewis, 162 U. S. 376, 16 Sup. Ct. 831.

U. S. v. Reider, 69 Fed. 965.

U. S. v. Murphey, 32 Rep. 378.

U. S. v. Nelson, 30 Fed. 116.

1 Wharton on Evidence, sec. 367.

Ford v. Simmons, 13 La. An. 397.

Bowman v. McElroy, 15 La. An. 663.

1 Greenleaf, Ev., sec. 79.

U. S. v. D. & R. G. Ry. Co., 31 Fed. 890.

The Act of Congress of June 8, 1872, so far as the same relates to the taking of timber from the public lands for the purposes of repair of the defendant's road, is void.

> U. S. v. D. & R. G. Co., 31 Fed. 889.
>
> D. & R. G. Co. v. U. S., 34 Fed. 841.
>
> U. S. v. Chaplin, 31 Fed. 890.
>
> Stone v. U. S., 167 U. S. 161.
>
> Bachelder v. U. S., 48 Pac. 310.
>
> Bachelder v. U. S., 83 Fed. 987.
>
> Vol. 8, p. 41, Decisions of the Department of the Interior.

If these various courts have been unable to agree upon a definition of the term as used in the Act of 1875, can it be claimed that the language is sufficiently definite to locate the land upon the surface of the earth?

> Winona & St. Peter R. R. Co. v. Barney, 113 U. S. 625.
>
> U. S. v. R. R. Co., 150 U. S. 14.
>
> 23 Am. and Eng. Ency. of Law, 407.

WOLCOTT & VAILE and WM. W. FIELD for defendant in error.

This is the same case which was heretofore considered and decided by the court in August, 1898.

> D. & R. G. R. R. Co. v. U. S., 9 N. M. 382.

The railroad company had a right, under the acts of Congress above referred to, to cut such timber from the public lands adjacent to its line as was necessary for the repair of such portions of its road as was constructed prior to June 8, 1882.

The act of Congress gave it such right. This right is not a mere license, it is more; it is a solemn grant given by special act of Congress.

Under the general issue, which was the plea in this case, the burden was upon the plaintiff throughout, as to every part of its case.

Balch v. Haas, 73 Fed. 974.

Thatcher v. Gottlieb, 59 Fed. 872.

Barney v. W. & St. P. R. R. Co., 117 U. S. 228.

Elliott's Appellate Procedure (1892), sec. 578, p. 491.

Bridge Co. v. Stewart, 3 How. 413.

Tyler v. Maguire, 17 Wall. 253, 284.

Supervisors v. Kennicott, 94 U. S. 498.

Clark v. Keith, 106 U. S. 464.

In re Sandford & Co., 106 U. S. 246, 255.

City of Denver v. Barber Asphalt Co., 83 Fed. 1020.

Hastings v. Foxworthy, 34 L. R. A. 321, and note.

West v. Douglas, 154 Ill. 164.

Green v. City of Springfield, 130 Ill. 315.

Stanton v. French, 91 Cal. 274, 276.

Larkin v. Burlington, etc., Co., 91 Iowa 654, 659.

Kratz v. R. G. W. Ry. Co., 32 L. R. A. 828.

The plaintiff below charges "that the trial court erred in admitting in evidence the two acts by which Congress granted to the D. & R. G. Ry. Co., the right to cut lumber upon the public lands, for purposes specified therein."

This question is not now open for review.

McKinney v. The State, 117 Ind. 26, 28.

Forgerson v. Smith, 104 Ind. 246.

See also Davis v. McCorkle, 14 Bush (Ky.) 746, 751.

Stewart v. Heiskel, 86 Va. 191, 193.

Joslin v. Cowee, 56 N. Y. 626.

There is no merit in the contention that these acts are null and void for uncertainty by reason of the use of the term *"adjacent."*

Bacheldor v. U. S., 83 Fed. 986.

U. S. v. Denver, etc., Ry. Co., 150 U. S. 1-14.

Vane v. Newcomb, 132 U. S. 220, 235-6.

23 Am. and Eng. Ency. of Law (1 Ed.), 314-
    15.

See also U. S. v. D. & R. G. Ry. Co., 31 Fed. 886, 889.
    U. S. v. Chaplin, 31 Fed. 890.
    U. S. v. Lynde, 47 Fed. 297.
    Winona, etc., Ry. Co. v. Barney, 113 U. S. 618,
        625.
    Wis. Cent. R. R. Co. v. Forsythe, 159 U. S.
        4655.

The plaintiff below next objects to the admission of
defendant's evidence as to the mileage of railway lines
constructed by the railroad company within the time
limited by said acts of Congress. This evidence was
clearly material to show the extent of the railroad for
the repair of which the company had a right to take
timber. The objection advanced is that it is immaterial
and irrelevant. That question has been discussed here-
tofore in this brief. (See authorities cited.)

The New Mexico Lumber Company was the agent
of the defendant in error and whatever of wrongdoing
or trespass was committed, if any, in taking the 2,100,-
000 feet of lumber from the public lands must be charged
to the railroad company. Hence the measure of dam-
age would be the *stumpage value* of the lumber.

Such being the facts, the measure of damages to be
imposed, if any, is the value of the timber as it stood
upon the land.

4 Am. and Eng. Ency. Law (1 Ed.), 121.
Wood's Mayne on Damages (1 Am. Ed.), 486,
    488.
Field on Damages (1876), sec. 795.
3 Sutherland on Damages (2 Ed.), secs. 1109,
    1110, 1126, 1128.
2 Sedgwick on Damages (8 Ed.), secs. 493, 497,
    499, 503.
3 Ib., sec. 933.
Winchester v. Craig, 33 Mich. 205.
Thomas v. Moiles, 46 Id. 42.

Ayers v. Hubbard, 57 Id. 222.

Gates v. Rifle Boom Co., 70 Id. 309.

Kennedy v. Whitwell, 4 Pick. 466.

Beede v. Lamprey, 64 N. H. 510.

Moody v. Whitney, 38 Me. 174.

Whitney v. Huntington, 37 Wis. 197.

Tuttle v. Wilson, 52 Id. 643.

Ross v. Scott, 5 Lea (Tenn.) 479, 488.

Water v. Stevenson, 13 Nev. 157.

Ghen v. Rich, 8 Fed. 159.

Dresser Mfg. Co. v. Watterson, 3 Metc. 9.

Green v. Hale, 1 Houston (Del.) 506.

Tilden v. Jackson, 52 Vt. 628.

Porter v. Madre, 74 N. C. 36.

Bennett v. Thompson, 13 Ired. Law (N. C.) 146.

Hill v. Canfield, 56 Pa. St. 454.

Foote v. Merrill, 54 N. H. 490.

Ward v. C. R. Wood Co., 13 Nevada 44.

The next contention of the plaintiff in error is that the acts of Congress were erroneously admitted in evidence because they were not specifically pleaded.

The pleadings herein were controlled by statute.

The complaint is in the most general terms, not even charging any wrongdoing in intent or act, and under it the plaintiff below was by statute permitted to introduce any proof that would tend to establish a wrongful conversion of his lumber.

The answer necessarily had to be in like general terms, and under it any evidence was admissible, which would tend to disprove wrongdoing on the part of the defendant.

D. & R. G. v. U. S., 9 N. M. 382, 386.

The next contention of the plaintiff in error is that the burden of proof was on the defendant to show that the timber was for the purpose authorized by the special acts of Congress, and no evidence for that purpose was offered.

In answer to this we say:  This court upon the former review herein expressly decided and positively announced, that upon this point the burden of proof was upon the plaintiff, and not upon the defendant, and that decision is now absolutely and conclusively "the law of this case."

D. & R. G. v. U. S., 34 Fed. 838.

U. S. v. Felderward, 36 Fed. 490.

The last contention of plaintiff in error is, "if the act was not void, the lands from which the timber was taken were not all adjacent to the line of the defendant's road."

This contention is founded upon an arbitrary construction of the word "adjacent" contained in a letter of Secretary Vilas.

This interpretation is not in accordance with repeated rulings of the Land Office Department.

2 Copp's Public Land Laws, 820.

10 Copp's Land Owner, sec. 2, p. 11.

Ibidem, sec. 30, p. 139.

In re G. B. & L. R. R. Co., 1 L. D. 610.

O. & W. T. R. R. Co., 7 L. D. 541.

In this very letter Mr. Vilas states that his construction is intended to be temporary only, until an authoritative decision by the courts.  Such a decision has now been upon the very state of facts upon which Mr. Vilas made his ruling.

Bachelder v. U. S., 83 Fed. 986.

See also U. S. v. Dickson, 15 Peters 141, 161.

U. S. v. Murphy, 32 Fed. 376, 382.

OPINION OF THE COURT.

PARKER, J.—This case was in this court before, and was reversed and remanded for a new trial.  9 N. M. 382.  At that time we determined, from the record before us, that the defendant in error, under certain special acts of Congress, had the right to cut such tim-

ber from the public lands adjacent to its line, as was necessary for the repair of such portion of its road, as was constructed prior to June 8, 1882. We further determined that the burden of proof to show a violation of the terms of the grant, was upon the United States. The case was re-tried, under the mandate of this court, and the proofs submitted were in substance and effect the same as on the former trial. At the close of the testimony the court directed a verdict for the defendant in error.

The proof showed that the defendant in error, through its agent, cut and used 2,100,000 feet of lumber, from trees standing within a maximum distance of three miles from its main line of track. No proof was offered, by either party, as to what use was made of such lumber.

Plaintiff in error complains of the judgment for the following reasons:

First. Upon the case made out by the plaintiff, the court should have instructed the jury to return a verdict for the plaintiff for the sum of $18,900, and, if no proper defense was made, this court should now enter up judgment against defendant for that amount.

Second. If the defendant relied upon the special acts of Congress as a defense, it was necessary that such acts should have been specially pleaded.

Third. The burden of proof was on the defendant to show that the timber was taken for the purpose authorized by the special acts of Congress, and no evidence for this purpose was offered.

Fourth. The act of Congress of June 8, 1872, so far as the same related to the taking of timber from the public lands for the purpose of repairing defendant's road, is void.

Fifth. If the act was not void, the land from which the timber was taken was not all adjacent to the line of defendant's road.

The second point presented, as to the inadmissibility of the special acts of Congress under the pleadings, will

be first noticed. The declaration in this case was framed in accordance with the provisions of an act of the Territorial Legislature, approved February 7, 1889 (Session Laws of 1889, p. 45) ; likewise, the plea in the case was framed in accordance with the provisions of that act. That act provided certain short forms of pleading, which were declared to be sufficient in all actions at law. An entire departure was contemplated, by this act, from the established forms and requirements of common law pleading, and, while it may be conceded as a general proposition that special acts of a Legislature must be pleaded before they will be admissible in evidence, still we are not prepared to say that in view of the radical changes made by this statute, these acts of Congress were not admissible under the plea of not guilty filed by the defendant in error in this case. No useful purpose could be subserved in remanding this cause for a new trial upon the ground that the acts of Congress mentioned were improperly admitted in evidence, as the defendant in error would be at liberty to at once amend his plea in this regard, if necessary, and a re-trial of this cause would necessarily result in the same judgment.

We therefore hold that the special acts of Congress. introduced by defendant in error, were properly admissible under the plea filed in this cause, and that the second assignment of error is, consequently, not well founded.

The third question presented is in regard to the burden of proof as to the lawful or unlawful use of timber by defendant in error. This question was determined by this court on the former appeal, and we held the burden to be upon the United States.

The fourth claim is that these acts of Congress are void for uncertainty, by reason of the use of the word "adjacent" to indicate the lands from which timber may be cut by defendant in error, and which it is claimed is so incapable of definition as to render the acts void.

This was necessarily determined adversely to the plaintiff in error on the former appeal, when we declared that the acts were a solemn grant to the defendant. It would be absurd to say that these acts were a solemn grant of a right to the defendant in error, if they were at the same time so uncertain in terms as to be void. It was necessary for this court to determine that they were valid, in order to say that they were a solemn grant to the defendant in error.

The determination that the burden of proof, as to the lawful or unlawful use of the timber by the defendant in error, was upon the government, necessarily determines the first question presented, for no proof whatever was tendered by the government to meet this burden. Consequently, no right of recovery was shown. Under these circumstances it is contended by the defendant in error that plaintiff in error is concluded by the former judgment of this court, and we think the contention well founded. It is an established and almost universally recognized rule that every question which is actually and necessarily determined in a case, by an appellate court, is "the law of the case," and, right or wrong, is conclusively binding upon the parties and the courts until overruled by some higher court of appeal. Elliott's Appellate Procedure, sec. 578; 2 Ency. P. & P., 372-381; Note to Hastings v. Foxworthy, 34 L. R. A. 321; s. c., 45 Neb. 676; Balch v. Hass, 73 Fed. 974; Thatcher v. Gottlieb, 59 Fed. 872; Barney v. R. R. Co., 117 U. S. 228; Bridge Co. v. Stewart, 3 How. (U. S.) 413; Tyler v. Magwire, 17 Wal. (U. S.) 253; Supervisors v. Kennicott, 94 U. S. 498; Clark v. Keith, 106 U. S. 464; Rupe v. New Mexico Lumber Association, 3 N. M. 555; Green v. Springfield, 130 Ill. 515; Crary v. Field et al. (N. M.), 61 Pac. 118.

This rule applies not only to questions specifically decided, but also to those questions which are necessarily involved in reaching the decision specifically announced. Hutchinson v. Railway Co., 41 Wis. 541; Headley v.

Challiss, 15 Kan. 453, per Brewer, J.; Crockett v. Gray, 31 Kan. 346; Joslin v. Cowee, 56 N. Y. 626; Williams v. Rogers, 14 Bush (Ky.) 776; Stuart v. Heiskell, 86 Va. 191; and see note to Hastings v. Foxworthy, 34 L. R. A. 321; 2 Ency. P. & P. 380.

While in our former decision only one of these questions was specifically presented and decided, the other was necessarily involved in determining this one question. When we said that these acts of Congress were a solemn grant to the defendant in error, we decided, necessarily, that they were valid. If the plaintiff in error had anything to say upon this subject, it had at that time an opportunity to speak and urge all of the propositions now presented. Consequently we hold that the United States can not now be heard, not only the parties, but also the court, being bound by the former judgment.

The last question presented is as to whether lands within three miles of the track of defendant in error are "adjacent," within the meaning of the acts of Congress referred to. No point is made that the facts should have been submitted to the jury under proper instructions, but the bare legal proposition is presented that as a matter of law these lands are not "adjacent" to the road. We will content ourselves by citing one case which arose in this jurisdiction and which seems conclusive. Bacheldor v. United States, 83 Fed. 986. This case arose by way of a prosecution by the United States for unlawful timber cutting. The defendant justified as agent of this same defendant in error, and under these same acts of Congress. The court held that lands twenty-five miles distant by wagon road from the railroad, could not be held as a matter of law not to be adjacent, within the meaning of these acts of Congress. This reversed this court in the same case, 9 N. M. 15. We are not aware of any decision of the United States Supreme Court which has modified or overruled this case. We therefore hold that lands within three miles

of the railroad of defendant in error are "adjacent" lands, within the meaning of the grant to it by Congress.

For the reasons assigned, the judgment below will be affirmed, and it is so ordered.

Mills, C. J., Crumpacker and McMillan, JJ., concur. McFie, J., having tried the case below, took no part in this decision.