BIGHAM *v.* DOVER.

Opinion delivered May 25, 1908.

EXECUTION—TWO JUDGMENTS—AMENDMENT.—A joint execution upon two separate judgments is void, and is not amendable by elimination of one of the judgments.

Appeal from Polk Circuit Court; *James S. St~ol,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee bought a saddle for $12 at a sale under the following execution:

"County of Pope, Township of White.

"The State of Arkansas to any constable of Polk County: You are hereby commanded that of the goods and chattels of E. T. Bigham you cause to be made the sum of nine dollars ($9) which W. W. Cranford late before me, a justice of the peace for said county, recovered against him for his costs in a replevin suit and also costs in a suit wherein S. S. Crockett was plaintiff and W. W. Cranford and F. T. Bigham were defendants, and that you have said sum of money within thirty days to render to said W. W. Cranford for his costs aforesaid.

"Witness my hand as such justice this the 16th day of September, 1906.

"B. F. McMillan, J. P."

The sale was regular.

The execution was based on two judgments against appellant in the justice court, aggregating the sum of $9 for costs. The judgments were in favor of different parties. The judgments were valid. Appellants, claiming that the execution was

void, and that the sale thereunder was void, brought replevin against appellee for the saddle. The cause was tried by the court sitting as a jury, and the above appear as the undisputed facts.

The court found that the sale was valid, and that the title to the saddle was in appellee, but that appellant was entitled to the difference between $12, the amount for which the saddle was sold, and $5.50, the amount of the Cranford judgment, and rendered judgment accordingly. The appellant duly prosecutes this appeal.

*Shaver & Pipkin,* for appellant.

WOOD, J., (after stating the facts.) Our statute provides that: "An execution may issue upon any final judgment, order or decree of a court of record for a liquidated sum of money, and for interest and costs, or for costs alone." Section 3203, Kirby's Digest.

There is no law or rule of practice that authorizes a single execution for the amounts of two separate and distinct judgments. 17 Cyc. 932. A joint execution upon two separate judgments is not voidable merely, but void. *Merchie* v. *Gaines,* 5 B. Monroe (Ky.), 126; *Doe* v. *Rue,* 4 Blackf. Ind. 263. Such an execution is defective, not in form merely, but also in substance, and is therefore not susceptible of amendment. See *Blanks* v. *Rector,* 24 Ark. 496; *Hightower* v. *Handlin,* 27 Ark. 20; *Hall* v. *Doyle,* 35 Ark. 445; *Jett* v. *Shinn,* 47 Ark. 373; and *Downs* v. *Dennis,* 83 Ark. 71, as to executions that may or may not be amended. An execution based on a valid judgment, but which contains an excessive amount only, may, according to some decisions, be amended. *Hunt* v. *Loucks,* 38 Cal. 372; *Bogle* v. *Bloom,* 36 Kan. 512; *Otis* v. *Nash,* 26 Wash. 39. But this is not that case. The ruling of the court eliminating the amount of one of the judgments did not cure the error of taking and selling appellant's property under process that was absolutely void. Such error was prejudicial, and could not be cured by amendment. Appellee acquired no title by his purchase at a sale under the void execution.

The judgment is therefore reversed, and the cause is remanded for new trial.

HILL, C. J., and McCULLOCH, J., dissent.