## TYER et al. v. COLE.

No. 16736—Opinion Filed July 13. 1926.

**1. Corporations—Res Adjudicata — Stockholders' Liability.**

A judgment against a corporation is generally recognized as res adjudicata as to the validity and amount of a creditor's claim in a subsequent action to enforce the statutory liability of the stockholders for unpaid amounts on the capital stock or for double liability thereon, and such rule would be applicable in an action under Comp. Stat. 1921, sec. 5345.

**2. Same — Default Judgment .Foreclosing Statutory Lien not Res Judicata.**

But where an employee of an oil company has procured a judgment establishing and foreclosing a statutory lien on specific property of the company, such judgment being entered on default without notice to the stockholders of the amount of the claim or the items thereof, in a subsequent action to enforce liability of the stockholders under section 5463, Id., such stockholders are not precluded from questioning the correctness of plaintiff's claim by competent evidence tending to show that it has been paid in whole or in part, or that it exceeds the contract price.

**3. Mechanics' Liens—Decree—Excution — Deficiency—Basis of Action to Enforce Stockholders' Liability.**

A mechanic's lien which has been established and foreclosed against a corporation by decree, specifically naming the real and personal property against which the same shall be enforced, must be enforced, or attempt be made to enforce it, by special execution conforming to the decree of the court (Comp. Stat. 1921. sec. 692, subdiv. 3, and

sec. 758) before any cause of action accrues to the holder of the lien to enforce liability of the stockholders for a deficiency under the provisions of Comp. Stat. 1921, sec. 5463, and a general execution issued under such decree is not such a process of the court within the meaning of the law as will impart verity and conclusiveness to a return of no property found, endorsed thereon, so as to preclude proof of the existence of the property and assets of the corporation impressed with the lien by the original decree.

### 4. Costs—Attorneys' Fees in Lien Action Taxed As Costs Not a "Debt."

Where a court awards an attorneys' fee to plaintiff in a decree foreclosing a lien it is taxed as costs, and plaintiff assumes the risk of its collection by sale of the property impressed with the lien. It is not a "debt" within the definition of Comp. Stat. 1921, sec. 3535, so as to subject one to its payment who is secondarily liable for the debts of defendant.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by C. R. Cole against S. W. Tyer and O. C. Lasher to recover upon a statutory liability. Judgment for plaintiff, and defendants bring error. Reversed, with directions.

This action was commenced July 14, 1924, by plaintiff filing his petition in the district court of Carter county, wherein, after alleging corporate existence of the Michorn Oil Company, and that S. W. Tyer and O. C. Lasher are stockholders therein, it was alleged in substance that on or about October 8, 1921, said Michorn Oil Company employed plaintiff to perform certain work and labor on one of its leaseholds in Carter county, and to look after the lease, pump oil, and do general repair work and labor on the rod lines. well, derrick, and equipment of said company at a stated salary, and that there is now due and unpaid to plaintiff by reason of said employment the sum of $508, together with $25 additional for overtime work for which said company agreed to pay said sum, and that on February 18, 1924, plaintiff recovered a judgment against the Michorn Oil Company in the district court of Carter county for the said sum of $533 together with interest thereon from September 8, 1923, at the rate of 6 per cent., together with an attorney's fee of $100 and the costs of said action. Plaintiff attached a copy of said judgment to his petition as "Exhibit A". Plaintiff further alleged that on April 15, 1924, he caused an execution

to be issued upon said judgment directing the sheriff of Carter county to make of the goods and chattels of said Michorn Oil Company the said sum of $533 debt, $100 attorney's fee, $6 accrued costs, and $3 accruing costs, with interest on the sum of $533 from September 8, 1923, at 6 per cent.; that said execution was duly returned by the sheriff of Carter county unsatisfied, and plaintiff attached a copy of said execution and its return to his petition as "Exhibit B." Plaintiff then alleged that by virtue of section 5463, Comp. Stat. 1921, S. W. Tyer and O. C. Lasher, as stockholders of said Michorn Oil Company, are jointly and severally liable in their individual capacities to plaintiff, and that plaintiff is still the owner and holder of said judgment against the Michorn Oil Company. He prayed judgment for the sum of $544 with interest at 6 per cent. from September 8, 1923, and for $100 attorney's fee.

After general demurrers had been overruled defendants answered by general denial and specially pleaded the invalidity of the prior judgment against the Michorn Oil Company by reason of want of jurisdiction in the court rendering such judgment. S. W. Tyer filed his separate and supplemental answer, wherein it was alleged that the execution issued by plaintiff upon the judgment against the Michorn Oil Company was not the kind or character of execution authorized by law in said action, and that plaintiff has made no effort to collect said judgment from Michorn Oil Company, although said company has at all times and still has assets sufficient to pay the same.

Plaintiff replied to these answers by general denial. The cause was thereafter tried to the court without a jury, and resulted in a judgment in favor of plaintiff against these defendants for the sum of $533 with interest as prayed for in plaintiff's petition and for $100 as attorney fee and $9 accrued costs. After unsuccessful motion for new trial plaintiffs have brought the case here by petition in error with case-made attached for review. S. W. Tyer alone was represented in this court in oral argument.

Dolman & Dyer, for plaintiff in error.

Thos. Norman. for defendant in error.

Opinion by LOGSDON, C. Defendant presents his argument for reversal of the judgment under three propositions, as follows:

"(1) Is the default judgment rendered against the Michorn Oil Company conclusive against this defendant as to the correctness of the amount claimed by plaintiff?

"(2) That plaintiff's original action

against the oil company, being to establish and foreclose a mechanic's lien, an exhaustion of the assets of that company impressed with the lien is a prerequisite to plaintiff's right to maintain the instant action.

"(3) That there is no legal authority for including in the instant judgment the sum of $100 for attorney's fees allowed in the original judgment against the oil company."

In the arguments under the first proposition the brief of neither party has cited any prior decision of this court to support the contentions made by each respectively. Numerous decisions from other jurisdictions are cited and quoted from freely, but by reason of their diverse holdings, and the variance of statutory language considered in rendering them, they cannot be otherwise than inconclusive.

It is unquestionably the generally accepted rule, that in actions or proceedings to enforce a stockholder's statutory liability for the general debts of the corporation, a prior judgment against the corporation is conclusive as to the validity and amount of the claim. This is upon the theory that the statutory liability of the stockholder is primary up to the par value of his stock, and that he has had due notice of the action through representation by the corporation. (Thompson on Corporations [2nd Ed.] vol. 4, sec. 4970, et seq.) This rule would be applicable here if the instant action were based on Comp. Stat. 1921, sec. 5345. Does it apply to actions based on section 5463, Id.? In comparing these two sections for the purposes of this discussion, only the first sentence of section 5345, and section 5463 down to its first proviso, are material. This is that language:

"5345. Individual Liability of Stockholders. Each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him.

"5463. Stockholders Liable to Laborers and Mechanics. The stockholders of any corporation formed for the purposes mentioned in this article shall be jointly and severally liable, in their individual capacities, for all debts due to mechanics, workmen and laborers employed by such corporation, which said liability may be enforced against any stockholder by an action at any time after an execution against such corporation shall be returned not satisfied."

Under the above quoted language of section 5345, the liability is absolute to the amount that is unpaid on the stock, and it is of no moment to the stockholder whether the debt is just, true, correct, and due. His liability can be neither increased nor diminished by the existence or nonexistence of either or all of these elements of the debt of any individual creditor. When he has paid the amount which he has obligated himself to pay by his subscription his liability ceases whether the debt be paid or not. No such limitation exists on, nor does any such element of contract enter into, the stockholder's liability under sec. 5463. His stock may be fully paid, yet his liability continues.

The liability of the stockholders to mechanics, workmen, and laborers under section 5463 is analogous to the liability of the owner to a subcontractor under section 7463, Id. Both are the ultimate paymasters. Under section 7463 the owner must be served with a copy of the lien statement, so that he may inform himself as to its correctness, and no lien can be fixed upon the owner's property for labor or material in excess of the amount which the contractor agreed to pay the subcontractor. Steger Lumber Co. v. Haynes et al., 42 Okla. 716, 142 Pac. 1031. If the owner, whose property is benefited by the labor or material of a subcontractor, is required to be notified and furnished a copy of the itemized lien statement it would seem that equitable principles and the right of due process would require notice to and an opportunity for investigation and intervention by a stockholder before the amount of his liability under section 5463 could be conclusively established by a judgment against the corporation. He is not in privity with the corporation or its officers as to this extraordinary personal liability, nor can he be correctly said to be represented by them. It can work no hardship on the mechanic, workman, or laborer claiming the benefit of this statute to require him either to notify the stockholder of his action against the corporation, or to make proof of the correctness of his claim in his action against the stockholder. In the instant case the judgment against the corporation, relied on by plaintiff to conclusively show the amount of the stockholder's liability, was entered on default. In this situation the language of the court in Assets Realization Co. v. Howard (N. Y.) 105 N. E. 680, seems peculiarly apposite:

"It seems to be conceded that this theory of conclusive effect on a stockholder of a judgment against the corporation opens up to allow proof that the judgment was secured by fraud or collusion. But why confine the exceptions to this class? It is of no material consequence to the stockholder who is asked to pay an unjustified judgment whether it resulted from fraud or whether,

as alleged in this case. it was negligently or ignorantly allowed to be entered by default on claims which either never existed or had been fully paid. What he desires, and as it seems to me plainly ought to have, is an opportunity to compel proof of the existence of a claim before he is compelled to pay it."

Four elements must concur to establish res adjudicata: (a) Identity of subject-matter; (b) identity of causes of action; (c) identity of parties to the action; (d) identity of quality in the persons for or against whom the claim is made. The subject matter of the first action was a lien claim; of the instant action, a statutory liability. The cause of action in the first case was for failure or refusal of the corporation to make payment; in the instant case, alleged insufficiency of corporate assets to satisfy the first judgment. The party defendant in the first action was a corporate entity; in the instant case, an individual stockholder. The party plaintiff was a lien claimant in the first action and a statutory beneficiary in the instant action, while the party against whom the claim was made in the first action was an artificial person; in the instant action, a natural person.

It is therefore concluded upon the first proposition, that the trial court erred as a matter of law in holding that the judgment in cause No. 11392 was res adjudicata of the amount for which defendant is liable under section 5463, and in excluding on motion defendant's evidence tending to impeach the correctness of plaintiff's claim.

Defendant's second proposition, and the contrary contention of plaintiff thereon, raises the question of the sufficiency of the general execution issued on the first judgment to fix liability on plaintiff in the instant action. Incidental to this main question is that of defendant's right to impeach the return on this general execution, but as the conclusiveness and verity of this return rest on the sufficiency of the general execution to satisfy the requirements of the law in this character of action, a determination of the main question will dispose of its subsidiary.

At the time of the adoption of section 5463, Id., in the Statutes of 1890, it had no application to the character of claim here involved because there was then no lien statute in force in favor of mechanics, workmen, and laborers employed in the oil industry. It then applied only to general claims of mechanics, workmen, and laborers not secured by a statutory lien. A general execution was the only direct process for enforcing such a judgment. In 1905 the Territorial Legislature enacted a lien statute for the protection and security of the claims of all persons employed in the oil industry. The first and second sections of that act are sections 7464 and 7465, Comp. Stat. 1921. except that the first section was amended in 1919 by adding a provision that the lien should follow the property and be enforceable against the same in the hands of any purchaser or incumbrancer having constructive notice of the lien. The third section of the 1905 act provided that the enforcement of all liens thereunder should be governed by article 27, chapter 66, Statutes of 1893. The eighth section of that article and chapter reads:

"In all cases where judgments may be rendered in favor of any person or persons to enforce a lien under the provisions of this act, the real estate or other property shall be ordered to be sold as in other cases of sales of real estate, such sale to be without prejudice to the rights of any prior incumbrancers, owner or other person not a party to the action."

The statutes then in force providing forms of execution and proceedings for sale of property thereunder were the same as those now in force in the state, except that execution against the person, as then provided. has been abolished. Section 656, Statutes of 1893, now appears as section 7481, Comp. Stat. 1921, and is a part of the lien law of this state. Executions. and the proceedings thereunder, are of three kinds: First, against the property of the judgment debtor; second, for delivery of possession of real or personal property, with damages for withholding the same; third, executions in special cases. (Comp. Stat. 1921, sec. 692.) It has been long settled in this state that special execution is the proper process for enforcing decrees of foreclosure of mortgages and other liens. In Price et ux. v. Citizens State Bank et al., 23 Okla. 723, 102 Pac. 800, the second paragraph of the syllabus announces the rule in this state as follows:

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property is special, and must conform to the order of the court. Subdivision 4, sec. 4632. and section 4709, Wilson's Rev. & Ann. St. 1903."

This has been followed as a correct conclusion from the language of the statutes in the following cases: Richmond v. Robertson et al., 50 Okla. 635. 151 Pac. 203: Martin v. Hostetter et al., 59 Okla. 246, 158 Pac. 1174; Zweigart v. Strahan et al., 73 Okla. 144, 175 Pac. 213.

In the instant case the enforcement of this rule is peculiarly appropriate under the facts disclosed by the record of the trial. The original judgment against the corporation fixed "a first and prior lien upon the leasehold estate of defendant, consisting of ten acres (describing it), and upon the equipment, well, and improvements of the defendant thereon," to secure the payment of plaintiff's claim. The testimony further shows that at the date of the trial of the instant case, the lease, equipment, well, and improvements described in the prior judgment were in the possession of and being used by other parties. Under section 7464, Id., this property could have been reached and subjected to plaintiff's lien in the hands of any person with constructive notice of the lien. A general execution would not reach it. Assuming, without deciding, that section 5463, Id., is a remedy available to plaintiff in this action, when properly pursued, it must follow as a necessary corollary, both logically and equitably, that defendant is entitled to demand that plaintiff exhaust the most effective, or at least the most applicable, form of execution against the corporation before seeking to enforce this extraordinary statutory liability of defendant. The act of 1905, creating the lien in favor of persons employed in the oil industry, by section 4 thereof, repealed all acts and parts of acts in conflict therewith. It may well be questioned, therefore, whether sec. 5463, Id., was ever intended to be operative or available as a cumulative remedy in favor of those coming within the terms of the lien statute. As before stated, this is not decided.

It is therefore concluded that the execution mentioned in section 5463, when proceedings under that section are cumulative of the remedy provided by the lien law of this state, contemplates the form of execution determined by this court to be the appropriate one for enforcing judgments establishing and foreclosing liens. The general execution, not being the process contemplated by law for the enforcement of a foreclosure decree, is not such a legal process in this action as to impart verity to the return thereof. The evidence having disclosed the existence of property impressed with plaintiff's lien and against which special execution had not been directed, the trial court committed reversible and prejudicial error in rendering judgment in favor of plaintiff.

Defendant's third and last proposition presents alleged error of the trial court in rendering judgment against defendant for $100 attorney fee, the amount allowed plaintiff in the original judgment against the corporation, the contention being that this is not a "debt due" from the corporation within the meaning of section 5463, Id.

This contention must be sustained upon the authority alone of statutory language. Comp. Stat. 1921, sec. 3535, defines a debtor as one who owes another the performance of an obligation, and section 7482, Id., provides that in an action to enforce any lien the claimant shall be entitled to recover a reasonable attorney's fee "which shall be taxed as costs in the action." Liability for costs is a personal obligation of the plaintiff, to be secured or paid by him at the commencement of the action, under section 764, Id., and he assumes the risk of collecting his costs from the defendant. Costs are, therefore, not a "debt" within the definition of section 3535, Id., and attorneys' fees provided for in section 7482, Id., are not a "debt due" within the meaning of section 5463, Id.

For the reasons herein stated the judgment of the trial court is reversed, and the cause remanded with directions to dismiss plaintiff's instant action without prejudice to the bringing of a new action conforming to the views herein expressed, as authorized by Comp. Stat. 1921, sec. 190.

By the Court: It is so ordered.

Note.—See under (1) 14 C. J. pp. 1061, 1062 §1652; 34 C. J. p. 1026 §1457. (2) 14 C. J. p. 1066 §1658. (3) 40 C. J. p. 504 §749. (4) 15 C. J. p. 115 §249; 40 C. J. p. 624 §776; 7 R. C. L. p. 380.