**KEATON et al. v. SHIFLETT, Adm'r.**

No. 25816.    Nov. 10, 1936.

Rehearing Denied Dec. 8, 1936.

Second Rehearing Denied Jan. 5, 1937.

M. A. Dennis, for plaintiffs in error.

H. S. Samples and Steele & Boatman, for defendant in error.

McNEILL, C. J. This action concerns the individual liability of defendants as stockholders of a corporation for debts due to mechanics, workmen, and labor employed by such corporation after an execution against the corporation was returned not satisfied, pursuant to section 5463, C. O. S. 1921 (sec. 9913, O. S. 1931).

On January 29, 1931, A. P. Jetton et al., defendants in error, copartners and comprising the members of an independent casing crew, filed suit in the district court of Okfuskee county to recover judgment against the Betty Ann Oil Company, and also against J. B. Keaton and C. D. Gold, who were officials and managers of said oil corporation, for money due and owing for labor and work performed on an oil and gas leasehold estate situated in said county, and for foreclosure of laborers' and mechanics' liens against same. In that action W. S. Thetford and G. W. McClain and Elmer Lallathin filed separate intervening petitions seeking for separate judgments against the same defendants for labor performed on said leasehold and for the foreclosure of their respective liens. On February 15, 1932, the district court rendered separate judgments in favor of plaintiffs and said interveners. No appeal was taken by any of the defendants from that judgment, and thereafter an execution was issued in said cause, being No. 7597, directed to the sheriff of said county, and said execution was returned unsatisfied by reason of no property being found in said county. Subsequently an execution was issued in said cause directed to the sheriff of Oklahoma county, and it likewise was returned by said sheriff unsatisfied for the same reason.

Within four months after said executions had been returned unsatisfied, four separate suits were filed in the district court of Okmulgee county against said defendants, plaintiffs in error, upon their stockholders' liability pursuant to section 9913, O. S. 1931, supra.

On February 6, 1934, separate money judgments were rendered against said defendants and each of them. The judgments in the respective cases being as follows:

"Judgment in favor of W. S. Shiflett, administrator of the estate of W. S. Thetford, deceased, for the sum of $2,127.60, in cause No. 18405, against J. B. Keaton, C. D. Gold, H. E. Keaton, and G. V. Gold."

"Judgment in favor of Elmer Lallathin for the sum of $4,147.04 against J. B. Keaton, C. D. Gold, H. E. Keaton, and G. V. Gold, in cause No. 18392."

"Judgment in favor of G. W. McClain for the sum of $4,054.36 against J. B. Keaton, C. D. Gold, H. E. Keaton, and G. V Gold, in cause No. 18390."

"Judgment in favor of A. P. Jetton et al., partners, for the sum of $1,807.52, against J. B. Keaton, C. D. Gold, H. E. Keaton, and G. V. Gold, in cause No. 18391."

In each of the cases the defendants demurred to plaintiffs' evidence. The court overruled these demurrers, and defendants

refused to offer any evidence and judgments were rendered accordingly 'against them in favor of the plaintiffs.

The primary question involved centers upon the validity of the execution issued out of the district court of Okfuskee county in the action wherein judgment was obtained against the Betty Ann Oil Corporation.

It is the contention of the plaintiffs in error that this execution was void for the reason that one execution could not be issued upon four separate and distinct judgments in favor of four different persons or legal entities. In support of this proposition plaintiffs in error cite the rule announced in 23 C. J. 315, to the effect that each judgment must carry its own execution and that a single execution cannot be issued on two or more separate judgments. but that an execution should be issued on each judgment.

The decisions bearing on this question are few and not in harmony. Some of the cases hold that one execution issued on judgments obtained in separate actions are void. Merchie v. Gaines ·(Ky.) 5 B. Mon. 126; Stuart & Palmer v. Heiskell's Trustee, 86 Va. 191, 9 S. E. 984, 985; Cohen v. Menard, 31 Ill. App. 503; Doe v. Rue (Ind.) 4 Blackf. 263 29 Am. Dec. 368; Stewart v. Morrison, 81 Tex. 396, 17 S. W. 15, 26 Am. St. Rep. 821; Bain & Wyatt v. Chrisman, 27 Mo. 293; Bigham v. Dover, 86 Ark. 323, 110 S. W. 217.

In the case of Dugan v. Harman, 80 Kan. 302. 102 P. 465, the Supreme Court of Kansas took the contrary view, and held that an execution issued out of the office of the clerk of the district court at the instance of the plaintiff upon two judgments rendered in favor of plaintiff in separate actions in a justice of peace court against the same defendants, an abstract of which judgments had been filed in the district court, was not void and that such execution, issued within five years after the date of the judgments, prevented the judgments from becoming dormant for five years from the date of the execution. The concurring opinion of Mr. Justice Mason states the correct and applicable rule:

"I concur in the result stated, but think it pertinent that further reference be made to the authorities. Two objections are made to the execution which the trial court held void. One is that it did not distinctly refer to the judgments on which it was based; the other is that it was a single execution issued upon two separate judgments. So far as relates to the failure of the execution to recite the judgments with accuracy, the weight of authority supports the view, which is in harmony with modern tendencies, that the defect amounts only to an irregularity, and does not render the execution void. In 1 Freeman on Executions, section 43, this language is used, which was originally employed by the 'author in a note to John Graham v. Thomas Price et al., 3 A. K. Marsh. (Ky.) *522, in 13 Am. Dec. 201, and the substance of which has been quoted with approval in Anderson v. Gray, 134 Ill. 550, and in De Loach v. Robbins, 102 Ala. 288. 'There is a just distinction between executions issued without authority, and executions issued under an authority which is erroneously pursued. * * * The former class is void; the latter may, with equal propriety, be termed either irregular or erroneous. When an execution can properly issue, a mistake made by the officer in performing the duty of issuing it is necessarily a mere error or irregularity. * * * If, from the whole writ, taken in connection with other facts, the court feels assured that the execution offered in evidence was intended, issued and enforced as an execution upon the judgment shown to the court, then we apprehend that the writ ought to be received and respected.' The question presented by the other objection is in effect whether the act of a clerk in combining what should be two separate executions— using one piece of paper where he ought to use two—renders the resulting instrument an absolute nullity. By the test proposed in the foregoing quotation it would seem not. Authority to issue two executions exists; that they are issued in combination, instead of separately, is due to a mistake of the clerk, and therefore, by the criterion suggested, should rank as an irregularity only. In Bigham v. Dover, 86 Ark. 323, 110 S. W. 217, it was held, following two cases cited in 17 Cyc., that a single execution based upon two judgments in favor of different plaintiffs against the same defendant was void. The trial court decided otherwise, and two of the five members of the Supreme Court dissented. The result was affected by earlier Arkansas cases holding that an execution defective in substance is not susceptible of amendment. The three cases referred to appear to be the only ones holding that an execution is void because based on separate judgments in favor of different persons. Those cited in 17 Cyc. 1013, in support of the proposition that joint executions cannot issue on separate or several judgments, decided merely that such executions were vulnerable to a direct attack."

See, also, C. T. C. Inv. Co. v. Daniel Boone Coal Corp. (D. C.) 58 Fed. (2d) 305, for a discussion of facts in some of above-cited cases.

We need not be concerned with the niceties of distinction between joint and separate judgments. In this case there was an adjudication covered by a single entry of judgment, showing the separate judgments awarded to the plaintiff and interveners against the defendant by reason of furnishing labor for drilling an oil and gas well on defendant's leasehold estate. The purpose of having an execution issued on a judgment is for the purpose of collecting and satisfying a judgment. The execution named the plaintiff and the interveners and the defendant, Betty Ann Oil Company. It specifically referred to the sum total of judgment rendered against defendant in favor of the plaintiff and the interveners. There was nothing to mislead anyone that an execution was being issued to enforce the collection of the amounts which the court had adjudged to be due to the parties in that case. The judgment was proper. Authority existed for the issuance of the enforcement of that judgment.

On this phase of the case we conclude that the executions issued in the original case were erroneous and irregular and cannot be treated as void when questioned in a collateral proceeding. When said executions were returned unsatisfied, then, by virtue of the provisions of section 5463, C. O. S. 1921 (sec. 9913, O. S. 1931), the instant action was proper for determining the liability of the stockholders for contribution to the payment of the amounts found to be due plaintiff and interveners in the original action.

Defendants also urge that the trial court committed error in holding that the district court of Okfuskee county, Okla., had jurisdiction to render a personal judgment against the Betty Ann Oil Company after plaintiff's purported lien claims were denied.

The suit against the Betty Ann Oil Company was not only to foreclose laborers' liens, but was also to recover money judgments. The work was done in Okfuskee county and the cause of action arose therein, and under the provisions of section 112, O. S. 1931 (sec. 202, C. O. S. 1921), was properly brought in Okfuskee county. Tuloma Oil Co. v. Johantgen, 107 Okla. 92, 230 P. 264; Lafayette v. Bass, 122 Okla. 182, 252 P. 1101; State ex rel. v. District Court, 129 Okla. 210, 264 P. 154; Oklahoma Publishing Co. v. Kendall, 96 Okla. 194, 221 P. 762; Bolene Ref. Co. v. Zobisch Oil Co., 98 Okla. 202, 224 P. 942; Oklahoma Fire Ins. Co. v. Kimple, 57 Okla. 398, 156 P. 300, 157 P. 317; Oklahoma City v. District Court, 168 Okla. 235, 32 P. (2d) 318.

The third proposition of defendants is as follows:

"The trial court erred in not sustaining defendants' demurrer to plaintiff's evidence."

The pleadings and judgment in said case No. 7597 were introduced in evidence, which showed jurisdiction of the district court of Okfuskee county to enter the said judgments. It is the generally accepted rule that in actions or proceedings to enforce a stockholder's statutory liability for the general debts of the corporation a prior judgment against the corporation is conclusive as to the validity and the amount of the claim. Tyer v. Cole, 118 Okla. 279, 248 P. 601; Ball v. Reese, 58 Kan. 614, 50 P. 875; Holland v. Duluth Iron M. & D. Co., 65 Minn. 324, 68 N. W. 50; McCleery v. McCleery Lumber Co., 136 Kan. 484, 16 P. (2d) 517; Hancock National Bank v. Farnum, 176 U. S. 643, 44 L. Ed. 621, 20 S. Ct. Rep. 508; Fletcher on Corporations, vol. 13, sec. 6132; 6 Thompson on Corporations (3rd Ed.) sec. 4981. As stated in Tyer v. Cole, supra:

"This is upon the theory that the statutory liability of the stockholder is primary up to the par value of his stock, and that he has had due notice of the action through representation by the corporation."

If this were an action brought, under the provisions of section 5345, C. O. S. 1921 (sec. 9772, O. S. 1931), to enforce a stockholder's liability for the debts of the corporation to the extent of the amount unpaid upon the stock issued to him, then the rule would be applicable, and the former judgment would be res adjudicata as to the amount of indebtedness due from the corporation to the plaintiff, but this court has held that in a subsequent suit to enforce liability of a stockholder for a judgment as provided by the said section 5463, C. O. S. 1921, the stockholder is not precluded from questioning the correctness of the plaintiff's claim. Tyer v. Cole, 118 Okla. 279, 248 P. 601. While plaintiffs in error plead a general denial, neither in the trial of the case nor in the briefs filed therein is it contended that the Betty Ann Oil Company was not indebted to the plaintiff and the interveners for the claims for which judgments were rendered.

The proof showed the judgments were rendered against the Betty Ann Oil Company. Under section 5463, C. O. S. 1921 ('9913, O. S. 1931), the liability of a stockholder for the payment of a judgment for debts due to mechanics, workmen, and laborers after an execution has been returned unsatisfied, arises from his implied agreement, made at the time he became such stockholder, to the corporation and its creditors that he would pay such debts. The judgment against the corporation is at least prima facie evidence of the secondary liability of the stockholder for such indebtedness, even though the stockholder was not a party to the action against the corporation. Section 6403, Fletcher's Cyclopedia of Corporations, vol. 13; 7 R. C. L. 370; Johnson v. Libby, 111 Me. 204, 88 Atl. 647; Aronson & Co. v. Pearson, 199 Cal. 286, 249 P. 188, 51 A. L. R. 1380; Grund v. Tucker, 5 Kan. 70; Grand Rapids Savings Bank v. Warren, 52 Mich. 557, 18 N. W. 356; Union Nat. Bank of Omaha v. Halley, 19 S. D. 474, 104 N. W. 213; Hancock Nat. Bank v. Farnum, 176 U. S. 640, 44 L. Ed. 619, 20 Sup. Ct. 506; Whitman v. Oxford National Bank, 176 U. S. 559; Taylor v. Fontain (Mo. App.) 10 S. W. (2d) 68.

The fourth proposition presented by defendants is to the effect that the judgment against the Betty Ann Oil Company was not revived within one year after the death of W. S. Thetford, as prescribed by sections 584 and 589, O. S. 1931, and that the court erred in holding that revivor was unnecessary.

We are not in accord with this view. This is not an action upon the judgment against the Betty Ann Oil Company, but it is an action against the stockholders upon their statutory liability, and the judgment was entered and the execution was issued during the life of W. S. Thetford. The stockholders' liability was determined before the death of Thetford, and such stockholders' liability passed as an asset to the estate of W. S. Thetford upon his death, and his administrator had the right to file suit and recover judgment on such liability.

The judgment is affirmed.

OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, J., absent.